514

Mr. Justice Reed in the majority opinion in Vermilya-Brown Co. v. Connell, supra, said 335 U.S. at page 388, 69 S.Ct. at page 146, "Under such circumstances, our duty as a Court is to construe the word 'possession' as our judgment instructs us the lawmakers, within constitutional limits, would have done had they acted at the time of the legislation with the present situation in mind." By that test we have no serious doubt as to the answer.

The defendant's motion for summary judgment is granted, and the plaintiff's petition is dismissed.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.

**CATZ–AMERICAN CO., Inc. v. UNITED STATES.**

**No. 49633.**

United States Court of Claims.

Dec. 2, 1952.

Edward L. Blackman, New York City, for plaintiff.

Kendall M. Barnes, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff in this case sues for just compensation for 151,129.72 pounds of whole pepper requisitioned by the defendant on May 29, 1944. On August 7, 1944, defendant made a preliminary determination of just compensation in the amount of $10,100.22, and on September 26 it made a formal award of this amount to plaintiff. One-half thereof was paid on November 5, 1945.

The award was based upon an average rate of 6.68 cents per pound. Plaintiff claims not less than 10 cents a pound.

Immediately after the outbreak of the war with Japan, to wit, on December 11, 1941, the Office of Price Administration froze the price of whole pepper at its then current market value of 6.75 cents a pound. On February 3, 1942, this price was reduced to 6½ cents a pound, and this was the ceiling price in effect at the time the pepper was requisitioned. The excess awarded plaintiff over the 6½ cents a pound was to take care of labor and storage charges.

The defendant says that the decision of the Supreme Court in United States v. Commodities Trading Corporation, 339 U.

S. 121, 70 S.Ct. 547, 94 L.Ed. 707, controls this case.

There are some differences between the case at bar and the Commodities Trading Corporation case. In the latter case the plaintiff was not a dealer in pepper but an investor therein. It had bought its pepper to hold for a favorable market. On the other hand, the present plaintiff was a dealer in pepper, and other spices and foodstuffs. In the years 1942 and 1943 it bought 9,894,162 pounds of whole pepper, and it sold in these years 7,876,197 pounds on the domestic market and 3,608,686 on the export market. Its dealings in pepper constituted the major portion of its business.

It sold its pepper to grinders of pepper, who, in turn, sold the ground pepper. Plaintiff had never sold ground pepper prior to May 29, 1944, the date of the requisition.

Strange to say, the ceiling price of whole pepper was 6½ cents a pound, but the ceiling price of ground black pepper was 12½ cents a pound, nearly twice as much. Plaintiff claims that it is entitled to what it could have secured for its pepper had it ground it.

■ In just compensation cases "The owner must be compensated for what is taken from him; but that is done when he is paid its fair market value *for all available uses and purposes*." [Italics ours.] United States v. Chandler-Dunbar Co., 229 U.S. 53, 81, 33 S.Ct. 667, 679, 57 L.Ed. 1063, and cases there cited. See also Minnesota Rate Cases [Simpson v. Shepard], 230 U.S. 352, 451, 33 S.Ct. 729, 57 L.Ed. 1511; Olson v. United States, 292 U.S. 246, 258, 54 S.Ct. 704, 78 L.Ed. 1236; United States v. Miller, 317 U.S. 369, 375, 63 S.Ct. 276, 87 L.Ed. 336.

The rule was stated with the following qualification in United States ex rel. T. V. A. v. Powelson, 319 U.S. 266, 275, 63 S.Ct. 1047, 1052, 87 L.Ed. 1390:

"An owner of lands sought to be condemned is entitled to their 'market value fairly determined.' United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 280, 87 L.Ed. 336. That value may reflect not only the use to which the property is presently devoted but also that use to which it may be readily converted. * * * *But* in order for that special adaptability to be considered, *there must be a reasonable probability of the lands* [*being converted to some other use*] * * * *in the reasonably near future.* * * * In absence of such a showing, the chance of their being united for that special use is regarded 'as too remote and speculative to have any legitimate effect upon the valuation.' " [Italics ours.]

■ According to this rule, plaintiff would be entitled to the ceiling price for ground black pepper if this market was available to it, and there was a reasonable probability that it would go into this market.

Under the facts of this case, we conclude that this market was not available to it.

Plaintiff had never sold any ground pepper prior to the time of the requisition. Its customers were dealers in ground pepper and they bought whole pepper from plaintiff for the purpose of grinding it and selling it to their customers. As a matter of business, plaintiff could hardly afford to compete with its customers. So long as it sold whole pepper to grinders of pepper, it could hardly enter the ground pepper market itself; at any rate, it had never done so prior to the date of the requisition.

It is true that after the requisition and for a period of about three months it sold 309,594 pounds of ground pepper at a price of 12 cents a pound. These sales, however, were only a fraction of its normal sales of whole pepper for such a period, and, of more importance, they came after the date of the requisition. What we are undertaking to determine, of course, is just compensation for the most profitable use plaintiff could make of its pepper prior to and on the date of requisition. Apparently it was not profitable for it at that time to sell ground pepper. Never

516

before had it sold anything but whole pepper.

We must conclude, therefore, that plaintiff is not entitled to recover the price of ground pepper, less the cost of grinding and packaging.

Plaintiff mentions, in passing, its sales of decorticated pepper at 10.4 cents a pound from April to September 1944, but its reliance is not on these sales, but on its alleged right to grind its pepper and to secure for it ground pepper prices. As stated above, we do not think this plaintiff is entitled to recover these prices.

Plaintiff says that in determining just compensation we must take into consideration "retention value." The Supreme Court rejected this in the Commodities case. The reasons for taking this value into consideration were much stronger in the Commodities case than in this.

Plaintiff is entitled to recover the balance of the award which has not been paid to it.

HOWELL, MADDEN, and LITTLETON, Judges, concur.

JONES, Chief Judge, took no part in the decision of this case.

GAZDA v. UNITED STATES.

No. 49554.

United States Court of Claims.

Decided Dec. 2, 1952.